UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FULTON Q. GRIFFITH,

       Plaintiff,

v.                          Case No. 8:11-cv-1499-T-33AEP

DISTRICT JUDGE WHITE,
ELEVENTH CIRCUIT JUDGE TJOFLAT,
ELEVENTH CIRCUIT JUDGE EDMONSON,

       Defendants.

_____

O R D E R

Plaintiff, an inmate at Everglades Correctional Institution, initiated this action by filing a 42 U.S.C. § 1983 civil rights complaint. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A.[1] After doing so, the Court concludes that Plaintiff's complaint must be dismissed, without prejudice.

Discussion

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following new subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[1] Plaintiff did not file a motion to proceed in forma pauperis nor did he pay the filing fee. The Court construes his failing to pay the $350.00 filing fee as a request to proceed in forma pauperis.

imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Federal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, including cases dismissed before the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998); *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996). Griffith's prior cases, including appeals, dismissed as either frivolous, malicious, or for the failure to state a claim upon which claim may be granted include (1) 8:06-cv-691-T-17TGW; (2) No. 07-10188-J (appeal in 8:06-cv-691 dismissed as frivolous); (3) 8:06-cv-709-T-17EAJ; (4) No. 06-1397-H (first appeal in 8:06-cv-709 dismissed as frivolous); and (5) No. 07-12902-J (second appeal in 8:06-cv-709 dismissed as frivolous).

Because Griffith has three or more prior dismissals and is not under imminent danger of serious physical injury, Griffith is not entitled to proceed in forma pauperis. Griffith may initiate a new civil rights case by filing a civil rights compliant and paying the $350.00 filing fee.[2]

---

[2] Griffith seeks to sue a Judge White and two Eleventh Circuit judges, Judge Tjoflat and Judge Edmonson. This only claim the Court can discern from the complaint is that the judges have somehow violated Griffith's constitutional rights. For the following reasons, this Court cannot find that Griffith's claim has any merit.

It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage*, 267 F. App'x 836, 839-40 (11th Cir.2008) (quoting *Mireles*, 502 U.S. at 11). There are two exceptions to the doctrine of judicial immunity: (1)

2

Accordingly, the Court orders:

That Plaintiff Griffith's complaint is dismissed, without prejudice to his filing a new civil rights complaint form, in a new case, with a new case number, and paying the full $350.00 filing fee. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on August 30, 2011.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Fulton Q. Griffith

---

actions not taken in the judge's judicial capacity, and (2) actions taken in the complete absence of all jurisdiction. *See Hyland*, 267 F. App'x at 840. "[F]or purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir.1988); *accord In re Lickman*, 304 B.R. 897, 903 (M.D. Fla. 2004).

Neither of these exceptions apply in the present case.

3